617 N.W.2d 37 (2000)
463 Mich. 881
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Gari Lynn FISHER, Defendant-Appellee.
Docket No. 116227, COA No. 222131.
Supreme Court of Michigan.
September 27, 2000.
On order of the Court, the application for leave to appeal from the January 4, 2000, decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted.
CORRIGAN, J., concurs and states as follows:
I concur in the majority's action. A police officer stopped defendant's vehicle because the officer believed an air freshener dangling from defendant's rearview mirror obstructed her vision, contrary to M.C.L. § 257.709(1)(c); MSA 9.2409(1)(c). This statute prohibits "[a] dangling ornament or other suspended object except as authorized by law which obstructs the vision of the driver of the vehicle." As a result of the stop, the officer determined that defendant was intoxicated, leading to a charge of operating under the influence of liquor (OUIL). The district court suppressed the evidence of intoxication and dismissed the case because, the court opined, the air freshener did not obstruct defendant's vision. The Jackson Circuit Court affirmed; the Court of Appeals denied leave to appeal. Unpublished order, entered January 4, 2000 (Docket No. 222131).
An investigatory stop "must be founded on a particularized suspicion, based on an objective observation of the totality of the circumstances, that the person stopped has been, is, or is about to be involved in criminal wrongdoing." People v. Chambers, 195 Mich.App. 118, 121-122, 489 N.W.2d 168, citing People v. Shabaz, 424 Mich. 42, 59, 378 N.W.2d 451 (1985). The officer here testified about his particularized suspicionthat defendant's driving violated M.C.L. § 257.709; MSA 9.2409(1)(c)based on his observation that the dangling air freshener obstructed defendant's vision.
The district court suggested that suppression was required because defendant did not in fact violate the statute. The dispositive question, however, is not whether an actual violation occurred, but whether the officer had a reasonable suspicion that a violation may have occurred. The district court's reasoning quoted in the dissenting statement supports the conclusion that the court failed to decide the proper question.
On remand the Court of Appeals should consider this issue under the correct standard and, if necessary, remand to the district court for additional findings and credibility determinations. I express no view on the ultimate question whether the stop was justified.
The dissent would uphold the district court's finding that the stop was unjustified. If, however, the Court of Appeals determines that the district court applied the wrong standard, then the district court should have an opportunity to decide the factual question under the correct standard.
Further, the dissent cites testimony elicited by defense counsel suggesting that the officer may have erroneously thought that the statute barred a driver from hanging anything from the rearview mirror. While the officer acceded on cross-examination to defense counsel's leading questions mischaracterizing the statute, he may still have had a reasonable suspicion when he stopped defendant that the object in fact obstructed defendant's vision. Reasonable suspicion that a statute was violated *38 does not hinge on whether the officer, a nonlawyer, has provided a correct judicial interpretation of the statute during cross-examination.
Finally, the dissent asserts that a finding of reasonable suspicion "will serve only to encourage stops where insufficient evidence of lawbreaking exists and where allegations of infractions are a pretext and disguise for improper motives." The dissent cites no evidence to establish that the stop in this case was a pretext or disguise for an improper motive. Further, by asserting that "insufficient evidence of lawbreaking exists," the dissent bootstraps its way out of the underlying issue, i.e., whether the officer had a reasonable suspicion that defendant violated the statute.
MARILYN J. KELLY, J., dissents and states as follows:
I would deny leave and, in concert with the circuit court and the Court of Appeals, leave undisturbed the district court's finding that the stop of defendant's vehicle was unjustified.
A police officer initiated a traffic stop of defendant's vehicle. He found that defendant was intoxicated, as confirmed by a Breathalyzer test. She was charged with operating under the influence of liquor (OUIL).
Defendant asked the district court to suppress the test results on the ground that the police officer lacked probable cause for making the stop. The officer testified at a hearing about his belief that an air freshener hanging from defendant's rear view mirror was in violation of a statute prohibiting a "dangling ornament... which obstructs the vision of the driver...." MCL 257.709(1)(c); MSA 9.2409(1)(c).
The colloquy between defense counsel and the officer unfolded as follows:

Q. You indicated ... you stopped the vehicle for an infraction of what statute?
A. The Vehicle Code, Section 709.
Q. That would be MCLA 257.709?
A. Yes.

Q. And it is your understanding of that sectionI guess we'd be talking particularly about (1)(c) as it concerns an ornamentthat the motor vehicle operator is not able to hang anything whatsoever from their rearview mirror?
A. That's my understanding; correct.
Q. Whether it obstructs their vision or not?

A. Anything hanging from the rearview mirror is considered a vision obstruction.

* * *

Q. You indicated the reason that you pulled the vehicle over was because of the violation of 709, an obstruction. What is it that the three-by-four ornament or whatever it was obstructed my client's vision of? What is it she didn't see?

A. Whatever there is out on the road to be seen that that ornament would block the view of.
The district court dismissed the OUIL charge on the basis that the stop was not justified. It stated:
[T]he only testimony that has been given in this case for the stop of this vehicle is that there was an air freshener hanging from the windshield. And the legislature could have, if they had so chosen, indicated that anything hanging from the rearview mirror is a violation.... However, the legislature has not chosen to do that. The legislature has indicated that a dangling instrument or other suspended object which obstructs the vision of the driver of the vehicle [sic]. The Court is not under the impression that an air freshener suspended from a rearview mirror is automatically a vision obstruction, and particularly one of the dimensions that are described here, so the Court is going to grant the motion to suppress finding *39 that there has not been a violation of the Motor Vehicle Code shown at this hearing.
The circuit court affirmed, and the Court of Appeals denied the prosecutor's application for leave to appeal.
The prosecutor argues that the district erred in finding the traffic stop unjustified on the basis that no actual violation of § 709 was involved. The issue is whether the facts were sufficient for the officer reasonably to believe that the statute had been violated. The prosecutor points to the officer's testimony that he believed that the air freshener in defendant's car was obstructing her view in violation of the statute. Thus, the prosecutor asserts, the stop was justified.
It is settled law in this state that [w]henever a police officer stops someone and restrains that person's freedom to leave, the officer has "seized" the person under the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, the constitution does not forbid all seizures, only unreasonable ones. Id. [People v. Chambers, 195 Mich.App. 118, 121, 489 N.W.2d 168 (1992).] For a stop to be reasonable, it must be founded on a particularized suspicion, based on an objective observation of the totality of the circumstances, that the law was broken. Chambers, supra at 121-122, 489 N.W.2d 168, citing People v. Shabaz, 424 Mich. 42, 59, 378 N.W.2d 451 (1985).
In this case, the police officer failed to state any objective circumstances that led him to believe that the air freshener obstructed defendant's view. The officer did not say that defendant swerved to avoid something or that she hit something in the road. Neither did he testify that the freshener was abnormally large or that defendant was peering around it in order to see. In fact, the trial court stated that the "only testimony that has been given... is that there was an air freshener hanging from the windshield." One searches in vain for objective support for the officer's subjective belief that the air freshener was obstructing defendant's view.
In fact, the officer advanced no claim that the freshener actually obstructed defendant's view. Rather, his interpretation of the law led him to believe erroneously that anything hanging from a rearview mirror obstructed a driver's view and, thus, violated § 709. A plain reading of the statute, however, provides that only dangling ornaments that obstruct the view of the driver are forbidden. As pointed out by the district court, the Legislature could easily have written the statute to forbid all dangling ornaments, but it did not. It wrote forbidding only dangling ornaments that also obstruct the view of the driver.
What is needed to support a traffic stop is probable cause to believe that a traffic violation has occurred.[1] I concur with the courts below that whatever subjective belief the officer here held, absent some objective support, he did not establish probable cause to justify the stop of defendant's vehicle.
Accordingly, I find that the stop was unjustified, and that the district court properly ordered the evidence suppressed. The Court of Appeals did not abuse its discretion in denying the prosecutor's application for leave to appeal on the basis that the issues raised lacked merit.[2] A contrary finding will serve only to encourage stops where insufficient evidence of lawbreaking exists and where allegations of infractions are a pretext and disguise *40 for improper motives. Therefore, I would deny leave.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.
MARKMAN, J., would deny leave to appeal.
NOTES
[1] Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
[2] Contrary to the assertion made by the concurrence, I have not embarked upon my own factual inquiry. My review of this case is based upon the district court's findings. It concluded that no evidence to support a statutory violation or the belief that one had occurred.