No. 2--01--1124 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellant, ) 

) 

v.                             ) No. 99--CF--2512

)

WILLIAM E. JACKSON, ) Honorable

) Robert J. Anderson,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE GROMETER delivered the opinion of the court:

The State appeals from an order of the circuit court suppressing the evidence and quashing the arrest of defendant, William E. Jackson.  The State argues that the circuit court erred by concluding that the police officer lacked a valid basis for the investigatory stop of defendant's car.  We reverse and remand.

Defendant was indicted by a grand jury for the offense of driving while his driver's license was revoked (625 ILCS 5/6--303 (West 2000)).  He subsequently moved the court to quash his arrest and suppress the evidence obtained from it.  At the July 20, 2001, hearing on the motion, the following evidence was introduced by the  hearing's sole witness, police officer Steve Cadle of the Carol Stream police department.  

Cadle testified that on May 16, 1999, at approximately 5 p.m., he stopped at an intersection during a routine patrol.  He observed defendant drive past him in the opposite direction.  As defendant passed him, Cadle "saw what appeared to be a large obstruction in [defendant's] front windshield" in violation of section 12--503(c) of the Illinois Vehicle Code (the Code) (625 ILCS 5/12--503(c) (West 2000)).  He then turned his squad car around and initiated an investigatory stop of defendant's vehicle.  He testified that the windshield obstruction was the only reason for the stop and that he observed no other violations of the law at that time. 

When asked by defense counsel to describe the windshield obstruction, Cadle stated that "[t]wo air fresheners [were] hanging from the rear-view [
sic
] mirror."  He later added the detail that the air fresheners were "tree or leafy-shaped."  Defense counsel then showed some air fresheners to Cadle and asked him if they were the same air fresheners that he had observed in defendant's vehicle.  Cadle was not able to identify whether they were the same air fresheners, but he stated that "it's possible" that they were.  He also noted that he only observed defendant's vehicle for approximately two seconds prior to initiating the stop.

At the end of the testimony, the court indicated that it found  Cadle to be a "very honest, credi[ble] witness doing his job."  However, it also noted that Cadle did testify that "the [windshield] obstructions were similar in nature" to the air fresheners presented by the defense.  It concluded that Cadle lacked a reasonable suspicion of criminal activity to justify the investigatory stop and granted defendant's motion.  On July 31, 2001, the State moved the court to reconsider its decision.  The trial court denied the State’s motion and this timely appeal followed.

As an initial matter, the parties dispute which standard this court should apply in reviewing the circuit court's grant of defendant's motion.  Their dispute concerns whether we are required to review the circuit court's factual determinations.  Under such circumstances, we accord great deference to the court's factual findings and credibility assessments and will reverse those findings only if they are against the manifest weight of the evidence.  
People v. Sorenson
, 196 Ill. 2d 425, 431 (2001).  "However, suppression motions are best characterized as raising mixed questions of fact and law, and if all factual disputes in the case have been resolved, only a question of law remains."  
People v. Bascom
, 286 Ill. App. 3d 124, 126 (1997).  When a case's facts and witnesses' credibility are uncontroverted, we are presented with only a legal question that we review 
de
 
novo
.  
People v. Wardlow
, 183 Ill. 2d 306, 309 (1998), 
rev'd on other grounds
, 528 U.S. 119, 145 L. Ed. 2d 570, 120 S. Ct. 673 (2000); see also 
Bascom
, 286 Ill. App. 3d at 127; 
People v. Frazier
, 248 Ill. App. 3d 6, 15 (1993).  Those circumstances are present in the instant case.  At the motion hearing, the arresting officer was the only testifying witness, and the circuit court explicitly found his testimony credible.  We will, therefore, review the court's legal determination 
de
 
novo
.

The only issue on appeal is whether the circuit court correctly found that the arresting officer lacked a reasonable suspicion of criminal activity to justify his investigatory stop of defendant's vehicle.  An investigatory stop is proper when a police officer has a reasonable, articulable suspicion that criminal activity is taking place or is about to take place.  
People v. Repp
, 165 Ill. App. 3d 90, 94 (1988).  A reasonable suspicion is created when a police officer has knowledge of specific, articulable facts that, when combined with the rational inferences from them, suggest that the person in question has committed or is about to commit a crime.  
Repp
, 165 Ill. App. 3d at 94.

The State contends that the court's determination that the arresting officer lacked a reasonable suspicion of criminality contradicts the holding of 
United States v. Smith
, 80 F.3d 215 (7th
 Cir. 1996).  In 
Smith
, the defendant was stopped for the sole reason of having an air freshener hanging from the car's rearview mirror.  
Smith
, 80 F.3d at 219.  The 
Smith
 court held that the officer had probable cause to stop the defendant because objectively the air freshener could be considered a material obstruction between the driver and the windshield in violation of section 12--503(c) of the Code (625 ILCS 5/12--503(c) (West 1994)).  
Smith
, 80 F.3d at 219.

Likewise, in 
People v. Mendoza
, 234 Ill. App. 3d 826 (1992),  the court held that an investigatory stop was not pretextual because the officer "was quite adamant that, in her opinion, the [fuzzy dice hanging from the rearview mirror of defendant’s car] would have materially obstructed the driver's view in some directions."  
Mendoza
, 234 Ill. App. 3d at 838.  We find 
Smith
 and 
Mendoza
 controlling. 

In the present case, the court found the arresting officer's testimony credible.  The officer testified that, in his opinion, the air fresheners hanging from defendant's rearview mirror were material windshield obstructions.  After finding the officer's testimony credible, the court, nevertheless, determined that he lacked a reasonable suspicion of criminal activity.  The court apparently concluded that the air fresheners in defendant's vehicle were the same as the ones displayed in court and, in its view, were not material obstructions of the windshield.  We cannot agree with this determination.

The court's inquiry during a suppression hearing concerns whether, prior to making the investigatory stop, the arresting officer had knowledge of specific, articulable facts which suggested that the person in question had committed or was about to commit a crime.  
Smith
 instructs us that an air freshener hanging from a rearview mirror can create a reasonable suspicion that section 12--503(c) of the Code is being violated.  
Smith
, 80 F.3d at 219.  Moreover, as 
Mendoza
 states, when considering whether the arresting officer had a reasonable suspicion of criminality to justify the stop, we look to the officer's opinions and beliefs at the time he or she made the stop.  
Mendoza
, 234 Ill. App. 3d at 838.  The court's determination should not focus on whether an offense was actually committed but, instead, on whether the arresting officer  reasonably suspected at the time of the stop that criminal activity was taking place or about to take place.  See 
People v. Ross
, 289 Ill. App. 3d 1013, 1016 (1997).  We conclude that the uncontroverted
 
evidence presented at the suppression hearing established that, according to 
Smith
 and 
Mendoza
, the air cleaners observed by the
 
arresting officer constitute a legal basis for a reasonable
 
suspicion of criminality.  

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and CALLUM, JJ., concur.