COMMONWEALTH *vs.* PATRICIA J. BRAZEAU.

No. 04-P-244.

Worcester. January 4, 2005. - July 20, 2005.

Present: PERRETTA, COHEN, & KATZMANN, JJ.

*Motor Vehicle,* Operating under the influence. *Threshold Police Inquiry. Practice, Criminal,* Motion to suppress.

A District Court judge erred in denying the criminal defendant's motion to suppress physical evidence and statements obtained as a result of a motor vehicle stop leading to her arrest, where there was no evidentiary basis for the judge's finding that the police officer who stopped the defendant's vehicle did so after seeing a reflection from a prism suspended from the defendant's vehicle's rearview mirror; moreover, when that unsupported finding was disregarded, it could not be concluded that the officer had reasonable, objective support for his belief that objects hanging from the defendant's vehicle's rearview mirror impeded or may have impeded the defendant's operation of the vehicle in violation of G. L. c. 90, § 13, and therefore, the stop was not justified. [66-69]

COMPLAINT received and sworn to in the East Brookfield Division of the District Court Department on December 12, 2001.

A pretrial motion to suppress evidence was heard by *Charles A . Abdella,* J., and the case was tried before *Paul A. Losapio,* J.

*William S. Smith* for the defendant.

*Anne S. Kennedy,* Assistant District Attorney, for the Commonwealth.

COHEN, J. After a jury trial in the District Court, the defendant, Patricia Brazeau, was convicted of operating under the influence of liquor, in violation of G. L. c. 90, § 24(1)(*a*)(1). On appeal, Brazeau's primary argument is that the judge below erroneously denied her motion to suppress physical evidence and statements obtained as a result of the motor vehicle stop leading to her arrest. We conclude that a key finding of the motion judge was not supported by the evidence and that, without

that finding, it cannot be concluded that the investigating officer had reasonable suspicion to stop Brazeau's vehicle. On this basis, we reverse the conviction.

The motion judge ruled that, at the time of the stop, the officer had reasonable suspicion to believe that Brazeau was committing a civil motor vehicle infraction proscribed by G. L. c. 90, § 13. This statute provides, in relevant part, that "[n]o person, when operating a motor vehicle, shall permit to be on or in the vehicle or on or about his person anything which may interfere with or impede the proper operation of the vehicle or any equipment by which the vehicle is operated or controlled, except that a person may operate a motor vehicle while using a citizens band radio or mobile telephone as long as one hand remains on the steering wheel at all times." G. L. c. 90, § 13, as amended by St. 1997, c. 469.

The motion judge made the following findings in support of his ruling that the officer had reasonable suspicion to believe that a violation of this statute was in progress. "On [December 11, 2001,] at approx[imately] 8:00 P.M., the defendant was operating a motor vehicle with 3 small objects suspended from the rear-view mirror including a diamond shaped glass prism possessing reflective characteristics. When [the investigating] police officer observed the reflection of the prism as the motor vehicle passed him, he pursued and stopped the vehicle, detected the odor of alcohol [emanating] from the operator-defendant, [and] observed [her to have] glassy eyes and slurred speech . . . . I find the reflection from the prism might have interfered with the safe operation of the vehicle, and the articulable facts and reasonable inferences drawn therefrom established a reasonable suspicion for a constitutionally valid stop."

There was, however, no evidentiary basis for the judge's finding that the officer stopped the vehicle after seeing a reflection from the prism. Rather, the evidence adduced at the motion hearing established only that the officer effectuated the stop because he observed one or more small objects hanging from the rearview mirror and, on that basis alone, determined that the operation of the vehicle was or may have been impeded.

The sole witness to testify at the motion hearing was North Brookfield police Officer Ryan Daly. Officer Daly testified that,

on December 11, 2001, at 8:00 P.M., he was driving down a dark, unlit, dirt road that was not very well traveled. As the defendant's sport utility vehicle turned onto the same road in the opposite direction, the officer's attention was drawn by "an item hanging or several items hanging from the [defendant's] rearview mirror." Nothing else aroused his concern: the vehicle was in its lane of travel, did not swerve, and was not being driven erratically or at improper speed. It was only because he noticed the object or objects hanging from the rearview mirror that the officer activated his emergency blue lights and stopped Brazeau's vehicle. As the officer explained, "It was my determination that the items hanging were impeding the operation of the operator." Because of the hanging object or objects, he concluded that the driver "could not see the road properly" and that this "might have affected her ability to drive safely."

The items in question turned out to be two small wooden hearts, each about one and one-half inches wide and one inch tall, and a plastic diamond about three-quarters inch high and one-half inch wide. These objects were hanging together from a narrow piece of string or fishing line; their total width was about one and one-half inches, and their total height about one inch. To put their size into perspective, the vehicle's windshield was approximately sixty inches wide and forty inches tall, or in the vicinity of 2,400 square inches. The officer acknowledged that the total area of the clustered items was only about one inch square.

The three objects were introduced in evidence.[1] When shown to the officer, he agreed, on redirect examination by the prosecutor, that the small diamond-shaped object was a prism with reflective qualities; but, contrary to the judge's finding, he never indicated that it was any prismatic or reflective quality of this object that had caught his attention and prompted him to stop the defendant's vehicle.

We agree with Brazeau that when the judge's unsupported finding is disregarded, see *Commonwealth* v. *Holley*, 52 Mass. App. Ct. 659, 664-665 & n.3 (2001), it cannot be concluded, even if the officer's testimony is fully credited, that the officer

---

[1] They have been transmitted to this court, and we have had the benefit of examining them.

had a particularized and objective basis for suspecting a traffic violation.

The mere existence of two or three small items hanging from a rearview mirror does not suffice, we think, to constitute a violation of G. L. c. 90, § 13, or warrant police investigation. Although the Legislature could have chosen to do so, it has not specifically prohibited the hanging of objects from a vehicle's rearview mirror. Contrast Minn. Stat. § 169.71(1) (200] ("No person shall drive or operate any motor vehicle . . . with any objects suspended between the driver and the windshield, other than sun visors and rear vision mirrors . . ."); S.D. Codified Laws § 32-15-6 (2002) ("It is a petty offense for any person to drive any vehicle upon a highway with any object or gadget dangling between the view of the driver and the windshield of the vehicle"). Indeed, we take judicial notice of the fact that objects such as air fresheners, graduation tassels, and religious medals commonly are hung from the rearview mirrors of motor vehicles driven in the Commonwealth. We doubt that the Legislature intended this ordinary practice to be grounds, without more, for issuing a citation or for justifying a stop by police.[2]

Had the officer in fact testified to his reliance upon objectively verifiable qualities of the hanging items that made them distracting or that interfered with the driver's view, a different case may have been presented. But here, as testified by the officer, the observations that he made before he effectuated the stop provided insufficient basis for him to conclude that a violation was in progress. As previously noted, there was no evidence to suggest that any reflective quality of the plastic diamond figured in the officer's decision, and, although the officer was able to see that an object or objects were hanging

---

[2]There are few reported cases addressing the scope of the statute. In civil negligence cases it has been held that the statute could be found to have been violated where a dog that became sick and jumped into the driver's lap was allowed to sit in the front seat, *Morse* v. *Sturgis*, 262 Mass. 312, 314 (1928); or where too many passengers were crammed into the front seat, *Seymour* v. *Dunville*, 265 Mass. 78, 80 (1928). It also has been decided, in a manslaughter case, that the jury could find a violation of that statute based upon evidence that a truck's windshield was largely obscured by dust and dirt. *Commonwealth* v. *Arone*, 265 Mass. 128, 131 (1928).

from the rear view mirror, they were not unusually large. To the contrary, the cluster was quite small and dwarfed by comparison with the generous size of the sport utility vehicle's windshield. The officer said nothing to indicate that he saw the objects swinging back and forth in front of the driver's face or that they were capable of doing so. There was no evidence of his observations, if any, of the plane in which the objects were hanging relative to the driver's field of vision, or of the length of the line to which they were attached. He did not testify that he saw the driver peering around the objects, and he found no fault with her driving. He acknowledged that the vehicle was in its proper lane, and that it was not swerving or speeding. In short, his belief that Brazeau's operation was or may have been impeded by the item or items that he saw hanging from her rearview mirror had no reasonable, objective support.

We therefore conclude that the stop was not justified. The order denying Brazeau's motion to suppress physical evidence and statements obtained as the result of the stop of her automobile is reversed.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*