Filed 7/16/08

NO. 4-07-0820

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DANIEL ROY JOHNSON, | ) | No. 07CM383 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Holly F. Clemons, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In April 2007, the State charged defendant, Daniel Roy Johnson, with unlawful possession of cannabis (720 ILCS 550/4(a) (West 2006)). In May 2007, defendant filed a motion to suppress evidence obtained during a traffic stop. In June 2007, the trial court granted defendant's motion. The State filed this interlocutory appeal pursuant to Supreme Court Rule 604(a)(1) (210 Ill. 2d R. 604(a)(1)). On appeal, the State argues the trial court erred by granting defendant's motion to suppress the evidence. We disagree and affirm.

I. BACKGROUND

At the May 2007 hearing on defendant's motion to suppress, defendant testified he worked the 11 p.m. to 3:15 a.m. shift for FedEx as a package handler. On April 7, 2007, he got off work at 3:15 a.m. and took two coworkers as passengers in his

car. As he was driving on Anthony Drive, he noticed flashing lights in his rearview mirror. He immediately pulled over. Defendant said he had been driving within the speed limit, maintaining his vehicle in the lane of travel, and driving with his headlights on, and as far as he knew, he was not in violation of any traffic laws. Defendant did have an air freshener hanging from his rearview mirror. The air freshener is a life-size pair of plastic cherries, red and green in color. Defendant did not think the cherries materially obstructed his clear view out of the car.

Defendant testified as he was stopped, a police officer walked up to the car and stated, "that's why I stopped you, right there." The police officer said defendant should not have the cherries hanging from the rearview mirror and it was a violation. Defendant replied, "[T]hat's ridiculous." According to defendant, the officer told defendant it was illegal to have anything hanging on the rearview mirror.

Officer Andrew Good testified he had been employed since 2004 with the Champaign County sheriff's department. Good made the stop on the basis of the cherries obstructing the windshield. When he first observed defendant's car, Good was approximately two car lengths behind defendant's vehicle. Good followed defendant less than a quarter mile before making the stop.

- 2 -

On cross-examination, Good said as part of his patrol duties he frequently makes traffic stops. When he first observed the vehicle, defendant was approaching Anthony Drive with his turn signal on, but the car was not in the turn lane. Defendant turned off the turn signal and continued straight. Defendant then turned into a parking lot, drove through it, and then turned onto Anthony Drive. Good observed the vehicle from the rear and the side and saw the cherries hanging from the rearview mirror. Good observed the cherries were hanging at eye level, and from Good's perspective the air freshener created a material obstruction of defendant's view of the roadway.

On redirect, Good said he had not been formally trained as to what constitutes a "material obstruction" of a driver's view. Good had read about "material obstructions" in law and traffic books. Good estimated the cherries were about two inches across. The air freshener could block the driver's view if a vehicle or pedestrian emerged. Good then looked at the photographs defendant had previously entered into evidence. Looking at the photographs of defendant's car with the cherries hanging from the rearview mirror, Good said the view was not obstructed. In the photographs, the lighting is daylight and sunny, but during the stop it was dark outside.

Officer Good was recalled by the State. Good testified after the stop had been made, defendant said he was on his way

- 3 -

home from work and he and his passengers had been smoking canna-
bis.  Good noticed a green leafy substance on and around defen-
dant's mouth, and he smelled the odor of burnt cannabis.

In argument, defense counsel maintained People v. Cole,
369 Ill. App. 3d 960, 874 N.E.2d 81 (2007), controlled, and
provided a copy to the court.  Defense counsel emphasized the
strand of beads in Cole was larger than an air freshener and yet
the court held there was no probable cause or reasonable suspi-
cion to make the stop.  Further emphasizing that a subjective
belief that a law has been broken, when no violation actually
occurred, is not objectively reasonable.  Upon conclusion of
arguments of counsel, the trial court granted the motion to
suppress evidence, reasoning as follows:

"The issue before the [c]ourt is whether
Officer Good had a reasonable suspicion that
the [d]efendant had committed or was about to
commit a crime. ***  The [c]ourt noted and
finds extremely persuasive, *** the
[d]efendant's testimony that Officer Good
told him *** he was not supposed to have
anything hanging from his rearview mirror[,
which] was uncontroverted. ***

The [c]ourt certainly does believe that
this officer was acting in good faith, but

- 4 -

the [c]ourt does not believe that the cherry air freshener constituted a violation of the Vehicle Code (625 ILCS 5/12-503(c) (West 2006)); and thus, a reasonable officer would not have reasonable suspicion to make the stop. The cherry air freshener in question was certainly smaller than the 'fuzzy dice' that constituted a violation of People v. Mendoza[, 234 Ill. App. 3d 826, 599 N.E.2d 1375 (1992)]. *** The cherries were also smaller than the two tree-shaped air fresheners in People v. Jackson[, 335 Ill. App. 3d 313, 780 N.E.2d 826 (2002)]. Moreover, the cherries were mounted on a piece of wire and did not move or swing. Even assuming the cherries were hanging at the [d]efendant's eye level, they still would not constitute a material obstruction ***."

This appeal followed.

## II. ANALYSIS

The State challenges the trial court's granting of defendant's motion to suppress. This court will reverse a trial court's ruling on a motion to suppress where it involves credibility assessments or factual determinations only if it is

manifestly erroneous or against the manifest weight of the evidence. People v. Driggers, 222 Ill. 2d 65, 70, 853 N.E.2d 414, 417 (2006); People v. Moss, 217 Ill. 2d 511, 517-18, 842 N.E.2d 699, 704 (2005). We review de novo the ultimate ruling of whether the evidence must be suppressed, assessing the facts in relation to the issues presented. Moss, 217 Ill. 2d at 518, 842 N.E.2d at 704.

The State argues the key issue is whether Officer Good had probable cause to justify the traffic stop of defendant's vehicle based on a violation of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/12-503(c) (West 2006), not whether the cherry air freshener constituted a material obstruction. The fourth amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. An automobile stop is subject to the constitutional imperative that it be reasonable under the circumstances. Whren v. United States, 517 U.S. 806, 810, 135 L. Ed. 2d 89, 95, 116 S. Ct. 1769, 1772 (1996). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren, 517 U.S. at 810, 135 L. Ed. 2d at 95, 116 S. Ct. at 1772. The Vehicle Code states:

"No person shall drive a motor vehicle

- 6 -

with _any objects_ placed or suspended between the driver and the front windshield, rear window, side wings or side windows immediately adjacent to each side of the driver _which_ _materially_ _obstructs_ _the_ _driver's_ _view_." (Emphases added.) 625 ILCS 5/12-503(c) (West 2006).

To prove probable cause, the State need only show that it was "reasonable" for Officer Good to conclude that the cherry air freshener materially obstructed defendant's view. United States v. Dowthard, 500 F.3d 567, 569 (7th Cir. 2007). Even if his belief was incorrect, "[w]hen an officer makes a stop based on a mistake of _fact_, we ask only whether the mistake was reasonable." (Emphasis in original.) United States v. McDonald, 453 F.3d 958, 962 (7th Cir. 2006). Therefore, the only argument available to defendant is the factual question of whether it was reasonable for Officer Good to believe he observed defendant driving with a "material obstruction" of defendant's view. Dowthard, 500 F.3d at 569. Officer Good testified that he did.

We give deference to the trial court's findings of fact. The court evaluated Officer Good's testimony, stating:

"Officer Good did not tell the [d]efendant that only material[] obstructions were prohibited. The [c]ourt realizes cer-

- 7 -

tainly that Officer Good did testify to that when he was in court, however it remains uncontroverted and uncontradicted[,] that he did not do so at the time of the stop."

Defendant argued, and the trial court agreed, that the facts in this case were substantially the same as in Cole, 369 Ill. App. 3d 960, 874 N.E.2d 81, where this court found the officer made a mistake of law and therefore lacked probable cause to make a traffic stop.  In Cole, the officer making the stop was operating under a misunderstanding of the law that anything suspended between the driver and the front windshield violated the Vehicle Code.  The officer testified:

> "'Q. [By DEFENSE COUNSEL:] So, do you stop every vehicle that has something hanging between the driver and the windshield?
>
> A. [OFFICER:] Yes, sir.  If I can get a vehicle stopped, I do stop every vehicle.
>
>                  * * *
>
> Q. Okay.  That's your opinion of the statute, is that the statute does not allow anything hanging in between the window, wind-shield and the driver?
>
> A. Yes.'"  Cole, 369 Ill. App. 3d at 962, 874 N.E.2d at 83-84.

In this case, Officer Good testified he believed the object created a material obstruction. Defendant's testimony showed Officer Good did not say the words "material obstruction" during the stop.

Defendant argues the trial court correctly found that a reasonable officer would not have reasonable suspicion to stop defendant's car based on the cherry air freshener attached to the rearview mirror. Defendant's exhibits show the cherry air freshener in relation to the driver and the windshield, and the trial court found "a reasonable officer would not have reasonable suspicion to make the stop." When Good was asked to look at defendant's exhibit photographs, Good said, "from the picture, there is nothing actually obstructed in that picture, no." We note the photographs entered into evidence were taken in bright daylight from the view at each end of the car. Good also testified he observed defendant's car in the dark from the rear and side from about two car lengths' distance. The trial court differentiated the facts in cases finding larger air fresheners or fuzzy dice to be violations of the Vehicle Code. In Jackson, 335 Ill. App. 3d 313, 780 N.E.2d 826, the officer's testimony was uncontroverted that the air freshener constituted a legal basis for reasonable suspicion. In Mendoza, 234 Ill. App. 3d 826, 599 N.E.2d 1375, the driver's view was obstructed by a fuzzy dice and other items hanging from the rearview mirror.

- 9 -

In Cole, the defendant was stopped because the officer saw a single strand of opaque beads that were one-fourth of an inch in diameter hanging four inches in length from the rearview window at eye level. Cole, 369 Ill. App. 3d at 963, 874 N.E.2d at 84-85. This court found a traffic stop based on a mistake of law to be unconstitutional. An officer "who mistakenly believes a violation occurred when the acts in question are not prohibited by law is not acting reasonably." Cole, 369 Ill. App. 3d at 968, 874 N.E.2d at 88.

We find the trial court's opinion that the officer did not tell defendant the air freshener was a material obstruction is entitled to deference and not against the manifest weight of the evidence. The photographs show the officer's belief, after a fleeting view in the dark, that the cherries were a material obstruction was not justifiable. Further, the officer's lack of understanding as to what constitutes a material obstruction was no different from the situation in Cole. The motion to suppress is affirmed.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

APPLETON, P.J., and COOK, J., concur.