# STATE OF CONNECTICUT *v.* GREGORY CYRUS
## (AC 28889)

Flynn, C. J., and Beach and Peters, Js.

Argued September 11—officially released December 9, 2008

*Vincent J. Dooley*, senior assistant state's attorney, with whom, on the brief, was *Patricia M. Froehlich*, state's attorney, for the appellant (state).

*Ernest Green, Jr.*, assistant public defender, with whom, on the brief, were *Mark Shapera*, assistant public defender, and *Mark C. Hauslaib*, special public defender, for the appellee (defendant).

*Opinion*

PETERS, J. Pursuant to *Terry* v. *Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), a police officer has the authority, under the fourth amendment to the United States constitution, to stop the operator of a car if the officer has a reasonable and articulable suspicion that the operator has engaged in illegal conduct. In furtherance of this constitutional principle, our Supreme Court has held that a police officer has the right to conduct a *Terry* stop even if the reason for the stop is only that the officer observed an infraction under our traffic laws. *State* v. *Dukes*, 209 Conn. 98, 122, 547 A.2d 10 (1988). In this case, the state sought to justify a *Terry* stop by alleging an automobile operator's violation of General Statutes § 14-99f (c), which prohibits the attachment of objects to a car so as "to interfere

with the operator's unobstructed view of the highway or to distract the attention of the operator." The state appeals from the judgment of the trial court dismissing the charges against the defendant because, in the court's view, the state did not establish that he had violated the statute. We affirm the judgment of the trial court.

On March 10, 2006, the state filed a three count information charging the defendant, Gregory Cyrus, with operating a motor vehicle in Danielson on that day while under the influence of intoxicating liquor in violation of General Statutes § 14-227a, operating a motor vehicle without carrying an operator's license in violation of General Statutes § 14-213 and operating a motor vehicle with an obstructed view in violation of § 14-99f (c).[1] The defendant pleaded not guilty and filed a motion to suppress evidence allegedly seized illegally by the police at the time of his arrest. After an evidentiary hearing, the court granted the defendant's suppression motion. In response to the state's motion for reconsideration, the court issued a supplemental finding in support of its ruling. The court then dismissed the charges against the defendant but granted the state's request for permission to appeal from the ruling on the motion to suppress.

"[O]ur standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . .

---

[1] Although the information referred to General Statutes § 14-99, the parties acknowledge that Trooper Mattioli stopped the defendant for violating General Statutes § 14-99f (c), which provides: "No article, device, sticker or ornament shall be attached or affixed to or hung on or in any motor vehicle in such a manner or location as to interfere with the operator's unobstructed view of the highway or to distract the attention of the operator."

[When] the legal conclusions of the court are challenged, [our review is plenary, and] we must determine whether they are legally and logically correct and whether they find support in the facts set out in the court's [ruling] . . . ." (Internal quotation marks omitted.) *State* v. *Jones*, 281 Conn. 613, 654, 916 A.2d 17, cert. denied, 552 U.S. 868, 128 S. Ct. 164, 169 L. Ed. 2d 112 (2007).

In this case, the state challenges both the court's findings of fact and its conclusions of law. As a matter of fact, the state claims that the court improperly found that the arresting officer stopped the defendant's car merely because the officer observed something hanging from the defendant's rearview mirror. As a matter of law, the state has maintained, at least in its principal brief, that the court improperly concluded that § 14-99f (c) requires the state to establish that such a hanging object in fact obstructed the operator's vision or distracted the operator's attention. We disagree with both claims.

I

In its initial memorandum of decision, the court made the following findings of fact in support of its determination that Trooper David Mattioli of the state police did not have a reasonable and articulable basis for stopping the defendant for operating a motor vehicle while under the influence of alcohol. Although Mattioli heard two anonymous tips about a motor vehicle being operated erratically that identified the make of the car and its license plate number, Mattioli's own observation of a car with a license plate that fit this description did not disclose anything improper about its operation. The court found that this information was not sufficiently reliable to justify stopping the defendant's car. On appeal, the state does not contest the validity of this finding by the court.

In response to the state's motion to reconsider, the court addressed the state's alternate contention that Mattioli had a second justifiable basis for stopping the defendant's car because, noticing a chain or crucifix hanging from the car's rearview mirror, Mattioli properly determined that the defendant was violating § 14-99f (c). The court found credible Mattioli's testimony that he observed "a chain hanging approximately eight to ten inches, hanging from the rearview mirror" of the defendant's car. The court heard conflicting evidence, however, about whether Mattioli had stopped the defendant's car because he observed this object in motion. At the initial hearing, Mattioli testified that he stopped the car because he saw "a chain or crucifix . . . hanging from the rearview mirror which moved back and forth . . . ." At a subsequent hearing, however, in response to the prosecutor's question whether "sometimes in your judgment there are things hanging from rearview mirrors that do obstruct the view of the driver. Is that correct?" Mattioli replied that "if it is not a busy night and I'm in a proactive mode, I try to stop as many cars as I can. If they have something hanging from the mirror, I will stop them, yes." Viewing Mattioli's testimony in its entirety, the court found that "Mattioli's stop of the defendant was not based on a violation of the statute but was based solely on the fact that there was something hanging from the defendant's mirror." Because, in the court's view, the statute required a showing that the object in question was in fact "obstructing the view of the driver or distracting the driver," the court dismissed the charges against the defendant.[2]

The state's appeal purports to challenge, as clearly erroneous, the court's factual finding that Mattioli's stop

[2] Although the court referred to §14-99 in its supplemental finding, as did the state in its information, it is clear that the statute at issue in this case is §14-99f (c).

of the defendant was based not on a violation of the statute, but on the simple fact that he observed something hanging from the defendant's mirror. The state accurately reproduces the testimony that it presented to the court, but advances no reasoned analysis to support its contention that the court improperly found more credible Mattioli's testimony about his routine practice than his testimony about what he observed when he stopped this defendant's car. Because this claim was inadequately briefed on appeal, we deem it abandoned. See *State* v. *Clark*, 255 Conn. 268, 281 n.30, 764 A.2d 1251 (2001).

To the extent that it is relevant, any possible ambiguity in the record cannot readily be resolved in the state's favor. We note that, at the suppression hearing, the state expressly asked the court to make a supplemental finding that Mattioli's testimony was credible insofar as he testified that, prior to the investigatory stop, he had observed a chain hanging from the rearview mirror of the defendant's vehicle, and the court so found. We further note, however, that the state did *not* ask for a supplemental finding, and the court made none, that Mattioli credibly testified that he had seen anything attached to the rearview mirror "which moved back and forth" in a distracting or obstructive manner. We cannot fill this gap in the record. Accordingly, we have no basis for faulting the court's factual finding that Mattioli stopped the defendant's car in accordance with his routine practice of stopping cars whenever he observed something attached to their rearview mirrors.

## II

The state's principal argument for reversal is that, as a matter of law, the trial court construed § 14-99f (c) too narrowly. Our standard of review for issues of statutory interpretation is well settled. "Issues of statutory construction raise questions of law, over which we exercise

plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Citations omitted; internal quotation marks omitted.) *Alvord Investment, LLC* v. *Zoning Board of Appeals*, 282 Conn. 393, 401–402, 920 A.2d 1000 (2007).

The state's argument on this issue is not advanced by its shifting view of the proper interpretation of § 14-99f (c). In its principal brief, the state took the position that the statute does not require any proof that the view of the operator *actually* be obstructed or that his attention *actually* be distracted. It relied on cases in other jurisdictions that have held that even relatively small objects hanging from a rearview mirror justify the minimal intrusion engendered by a motor vehicle stop. In its reply brief, however, the state concedes that our statute does not proscribe "all items hanging from a rearview mirror" but instead requires a showing that the item or object be hung in such a manner as to "*interfere*" with the unobstructed view of the highway or to "*distract* the operator."[3] (Emphasis in original.)

---

[3] The state repeated its concession at oral argument in this court.

In its reply brief, the state effectively agrees with the defendant that, on its face, § 14-99f (c) does not make the hanging of an object from a rearview mirror a per se infraction. Indeed, the defendant's construction of the statute is compelled by the principle that criminal statutes are not to be read more broadly than their language plainly requires and that ambiguities in criminal statutes ordinarily are to be resolved in favor of the defendant. *State* v. *Peeler*, 271 Conn. 338, 434–35, 857 A.2d 808 (2004), cert. denied, 546 U.S. 845, 126 S. Ct. 94, 163 L. Ed. 2d 110 (2005).[4]

In light of the state's concession that § 14-99f (c) requires proof of interference with an operator's unobstructed view or the operator's distraction, the state is left with the difficult task of showing that the court improperly found that the state failed to meet its burden of proof. It urges this court to conclude that, even if Mattioli improperly stopped the defendant's car simply because he observed a chain or crucifix hanging from the defendant's rearview mirror, "[i]f the facts are sufficient to lead an officer to reasonably believe there was a violation, that will suffice, even if the officer is not certain about exactly what it takes to constitute a violation."

Accepting this argument would stand the state's burden of proof in a criminal case on its head. We read a trial court record to sustain the court's judgment, not to overturn it. *Matza* v. *Matza*, 226 Conn. 166, 187, 627 A.2d 414 (1993). The state's argument assumes that which the state was required to prove, namely, that there was credible evidence that the chain or crucifix that Mattioli observed was in fact interfering with the defendant's vision or distracting his attention. In effect,

---

[4] For decisions in other states that similarly have declined to give an expansive construction to statutes prohibiting the placement on rearview mirrors of objects that obstruct an operator's vision, see *People* v. *White*, 107 Cal. App. 4th 636, 132 Cal. Rptr. 2d 371 (2003), and *Commonwealth* v. *Brazeau*, 64 Mass. App. 65, 831 N.E.2d 372 (2005).

this argument merely restates the state's disagreement with the court's contrary finding of fact. Again, we are not persuaded.

As the trier of fact, the court had the authority to find, on the credible record before it, that the state did not establish that Mattioli stopped the defendant's car for any reason other than his mistaken, albeit good faith, belief that § 14-99f (c) makes it an infraction for a car to be driven with *any* object hanging from a rearview mirror. Although our legislature might have enacted such a statute, the state now concedes that it has not done so. On the record before us, therefore, the state has failed to establish that the trial court improperly dismissed the charges against the defendant. We leave for another day, on another record, the question of how much of a distraction or impairment of an operator's vision the state must establish to prove a violation of § 14-99f (c).[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Specifically, we need not and do not decide in this case whether a violation of § 14-99f (c) can be established merely by evidence that an object attached to a car's rearview mirror was moving back and forth.