THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOYCE M. MOTT, Defendant-Appellee.

Fourth District    No. 4—07—0756

Opinion filed April 20, 2009.

Dennis E. Simonton, State's Attorney, of Marshall (Patrick Delfino, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael J. Pelletier, Gary R. Peterson, and Judith L. Libby (argued), all of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The trial court granted a motion to suppress evidence obtained during a traffic stop of defendant, Joyce M. Mott. The State appeals, arguing the court erred when it found police lacked reasonable suspicion to stop defendant's vehicle and granted the motion to suppress. We disagree and affirm.

## I. BACKGROUND

In November 2006, the State charged defendant with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2004)), arising out of defendant's alleged possession of alprazolam (commonly known as Xanax) found during a traffic stop of defendant's car. In June 2007, defendant filed a motion to suppress evidence alleging, *inter alia*, Clark County sheriff's deputy Steven McKillop lacked reasonable suspicion to stop defendant's car to investigate a material obstruction of the driver's view out of her front windshield in violation of section 12—503(c) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/12—503(c) (West 2004)).

Deputy McKillop was the only witness, and he testified to the following facts. On the date of the traffic stop, November 24, 2006, McKillop was on patrol driving eastbound in a marked squad car on Archer Avenue, a four-lane road with two lanes in each direction, around 4:30 p.m. McKillop was driving in the curbside lane and defendant was in the center lane behind and to the left of McKillop's squad car. McKillop noticed defendant's car did not have front license plates, and he slowed down to 10 miles per hour to permit defendant to go by him in the inside lane. Defendant slowed down as well, refusing to go past him. At that point, McKillop saw defendant's car had an air freshener hanging from its rearview mirror. McKillop pulled into a parking lot and defendant's car passed by. McKillop noted defendant's car had an Indiana license plate on the rear, which eliminated probable cause to pull the car over for a license-plate violation. However, given defendant's evasive behavior, McKillop decided to pull defendant over. He stated "[the air freshener] became what [he] was going to use for probable cause for the traffic stop."

Defense counsel entered a leaf-shaped air freshener into evidence, which Deputy McKillop identified as the same air freshener he noticed in defendant's car. McKillop described the air freshener as "large" but also stated it was a typical size for an air freshener. He estimated its size as $3^1/_2$ to 4 inches wide and 4 to 5 inches tall. With respect to the air freshener's position, McKillop stated that it hung about one inch below the rearview mirror on a string and was swinging from side to side.

In Deputy McKillop's view, the air freshener materially obstructed the driver's view. McKillop had no formal training regarding the precise, legal meaning of "material obstruction." However, McKillop stated that a colleague, Deputy Sanders had once explained "material obstruction" in the following way:

"[Deputy Sanders] asked me to take my thumb and hold it out in front of me and take my finger and put it over a person or an object, closing one eye or just looking[.] [A]nd that if your thumbnail covers up a person or object which is in front of you and is about the same distance from your face is as what the windshield is in your vehicle, [Sanders] said[.] [N]ow looking at your thumbnail, we're putting in perspective a large air freshener, [M]ardi [G]ras beads hanging from the mirror, anything of that nature that would really obstruct the vision, and we're going from a thumbnail to a large air freshener now, and it could cover up a lot more."

McKillop stated that he used Deputy Sanders' explanation of material obstruction when he decided to curb defendant's car.

During closing arguments, defense counsel compared the instant situation to *People v. Cole*, 369 Ill. App. 3d 960, 969-70 874 N.E.2d 81, 89-90 (2007) (holding officer lacked reasonable suspicion one-fourth-inch-wide beads were a material obstruction). Counsel argued Deputy McKillop did not have reasonable suspicion to believe the air freshener was a material obstruction and curbed defendant's car based upon a mistake of law. The State argued McKillop had articulated reasonable suspicion: the air freshener, given its size and location, could have materially obstructed defendant's view of the road in violation of the statute. In rebuttal, defense counsel argued (1) such a small air freshener could not, as a matter of law, constitute a "material obstruction"; and (2) McKillop had failed to show the air freshener's position in relation to defendant's line of sight.

The trial court granted defendant's motion to suppress in a written order which included the following findings of fact:

"The air freshener *** is in the irregular shape of a leaf with a stem at the bottom. The stem is approximately [one-quarter] inch wide and [one-half] inch long. The leaf is three inches long from base to point. Its maximum width is [2³/₄] inches. It is [one-sixteenth] inch thick with a consistency similar to that of the cardboard backing on a legal pad. The string by which the air freshener was suspended is not in evidence. [Deputy McKillop] did not say whether it was the top or bottom of the air freshener that was suspended one inch below the mirror.

*** There was no testimony about the relationship of the air freshener to the driver's eye level. *** It is improper to assume

that this air freshener would have obstructed the driver's view of pedestrians, absent testimony that it hung in that part of the windshield through which a driver would observe persons walking on the pavement.

\*\*\*

\*\*\* The 'fingernail/penny' example is not helpful. There is no evidence [defendant] was driving with one eye closed. The illustration, in the abstract, ignores \*\*\* binocular vision as well as matters of distance, line of vision, and perspective. \*\*\* A visor and decals obstruct a windshield but typically are not considered prohibited material obstructions.

\*\*\* Deputy McKillop expressed the conclusion that an air freshener suspended from the rearview mirror is a material obstruction. However, at no time did he testify as a matter of factual observation that the suspended object was at or below [d]efendant's eye level or otherwise obstructed a material portion of the windshield or [defendant's] line of vision."

The trial court also found Deputy McKillop's understanding of material obstruction was a mistake of law based upon this court's holding in *Cole*, 369 Ill. App. 3d at 971, 874 N.E.2d at 90.

This appeal followed.

## II. ANALYSIS

The State argues the trial court erred when it found Deputy McKillop lacked reasonable suspicion to stop defendant for a material obstruction of her front windshield.

### A. *Burden Of Proof*

The defendant has the burden of persuasion on a motion to suppress. *People v. Roberson*, 367 Ill. App. 3d 193, 195-96, 854 N.E.2d 317, 320 (2006) ("the defendant must convince the trial court that the \*\*\* seizure was unlawful"). The burden of producing evidence, or the burden of production, rests with the defendant. *Roberson*, 367 Ill. App. 3d at 196, 854 N.E.2d at 320. If the defendant makes out a *prima facie* case of an unlawful search or seizure, the burden shifts to the State to introduce evidence justifying the search or seizure. *Roberson*, 367 Ill. App. 3d at 196, 854 N.E.2d at 320.

Review of a trial court's ruling on a motion to suppress presents a mixed question of fact and law. *People v. Pitman*, 211 Ill. 2d 502, 512, 813 N.E.2d 93, 100 (2004). The correctness of the trial court's ultimate ruling on the motion to suppress presents a legal question, which this court reviews *de novo*. *People v. Moss*, 217 Ill. 2d 511, 518, 842 N.E.2d 699, 704 (2005). However, this court will not overturn the trial court's finding of historical facts unless they are against the manifest weight of the evidence. *Pitman*, 211 Ill. 2d at 512, 813 N.E.2d at 100. This

standard is grounded in the realization the trial court observed the witnesses and their demeanor and had the opportunity to resolve conflicts in testimony firsthand. *Pitman*, 211 Ill. 2d at 512, 813 N.E.2d at 100-01. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332, 882 N.E.2d 999, 1005 (2008).

## B. *Findings Of Fact*

The trial court found Deputy McKillop misinterpreted section 12—503(c) of the Vehicle Code. McKillop mistakenly believed any object the size of a fingernail or larger hanging between the driver and the windshield constituted a "material obstruction" providing reasonable suspicion for a traffic stop. McKillop's understanding of material obstruction also failed to take into account perspective, line of sight, distance, and binocular vision.

With respect to the circumstances of the stop itself, the trial court found Deputy McKillop did not testify to the relationship between the air freshener and defendant's eye level. McKillop expressed a testimonial conclusion the air freshener constituted a material obstruction but did not express any specific facts showing how he arrived at his conclusion. The court noted McKillop did not testify whether the air freshener's top or bottom was one inch below the bottom of the rearview mirror. Finally, the air freshener was significantly smaller than McKillop estimated on the witness stand. Rather than four to five inches tall and three to four inches wide, the air freshener was less than three inches wide at its widest point and only three inches tall, including a one-quarter-inch-wide and half-inch-tall stem. The court concluded McKillop articulated facts showing defendant had an air freshener suspended from her rearview mirror, nothing more. We conclude the court's findings were not against the manifest weight of the evidence.

## C. *Review After Mistake Of Law*

The fourth amendment protects all citizens' rights "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. Traffic stops constitute seizures of persons for purposes of the fourth amendment. *Whren v. United States*, 517 U.S. 806, 809-10, 135 L. Ed. 2d 89, 95, 116 S. Ct. 1769, 1772 (1996). The fourth amendment commands all traffic stops be reasonable. *People v. Johnson*, 384 Ill. App. 3d 409, 412, 893 N.E.2d 275, 278 (2008).

Where a traffic stop is based upon a mistake of law, it is unconstitutional. However, this may not resolve the issue. An otherwise

improper stop based on a mistake of law may be found reasonable and constitutional if "the facts known to [the officer] raised a reasonable suspicion that the defendant was in fact violating the law as written." *Cole*, 369 Ill. App. 3d at 968, 874 N.E.2d at 88. A police officer may stop a vehicle where he has reasonable suspicion to believe a driver is violating the Vehicle Code. See *Cole*, 369 Ill. App. 3d at 970, 874 N.E.2d at 90. Reasonable suspicion exists where an officer possesses specific, articulable facts that, when combined with rational inferences derived from those facts, give rise to a belief the driver is committing a traffic violation. See *People v. Rollins*, 382 Ill. App. 3d 833, 837, 892 N.E.2d 21, 24 (2008).

The material-obstruction statute reads as follows:

"No person shall drive a motor vehicle with *any objects* placed or suspended between the driver and the front windshield *** *which materially obstructs the driver's view*." (Emphases added.) 625 ILCS 5/12—503(c) (West 2004).

Deputy McKillop's decision to pull defendant over was based upon a mistake of law. Thus, defendant made a *prima facie* showing the search was unlawful. The burden then shifted to the State to show the facts known to McKillop at the time provided reasonable suspicion the air freshener constituted a material obstruction of defendant's windshield.

We find *People v. Johnson*, 384 Ill. App. 3d 409, 414, 893 N.E.2d 275, 280 (2008), instructive. In *Johnson*, this court affirmed the grant of defendant's motion to suppress evidence seized after a traffic stop for a violation of the statute at issue here. In *Johnson*, 384 Ill. App. 3d at 410, 893 N.E.2d at 478, the arresting officer looked at defendant's car from the rear and the side at night and saw an air freshener shaped like two life-sized cherries hanging from the defendant's rearview mirror. The officer estimated the air freshener was two inches wide but had no training regarding the meaning of "material obstruction." *Johnson*, 384 Ill. App. 3d at 410-11, 893 N.E.2d at 277. Similar to the officer's behavior in *Johnson*, Deputy McKillop had only a brief view of the air freshener when defendant's car was behind his patrol car. The air freshener in this case was around the same size as the air freshener in *Johnson*, less than three inches wide at its widest point and only three inches long, including a tiny stem.

Deputy McKillop failed to articulate any specific facts giving rise to an inference defendant's view was obstructed. Defendant's trial counsel and McKillop had the following exchange:

"[Q.] *** Why was it that you believed that that particular item, being the air freshener[,] *** materially obstructed the driver's view in this case?

[A.] While operating the motor vehicle, there are lots of different

hazards that come about, such as people walking, crossing on the sidewalks, even traffic[-]control devices, stop signs, whatnot. While the air freshener is hanging from the mirror of the vehicle, it can block out said hazards *** to where the driver may not at a certain point in time see those items and could cause an accident."

When asked to give specifics regarding his observations, McKillop, in the trial court's estimation, failed to do so. We will not overturn the court's credibility findings unless they are manifestly erroneous. *People v. Driggers*, 222 Ill. 2d 65, 70, 853 N.E.2d 414, 417 (2006). Given the lack of specificity in McKillop's response and his overestimation of the air freshener's size, we cannot say the court improperly found McKillop's testimony lacked credibility.

The record does not support the State's argument the facts in the instant case are similar to *People v. Mendoza*, 234 Ill. App. 3d 826, 599 N.E.2d 1375 (1992) (Fifth District), *United States v. Smith*, 80 F.3d 215 (7th Cir. 1996), and *People v. Jackson*, 335 Ill. App. 3d 313, 780 N.E.2d 826 (2002) (Second District). In *Mendoza*, 234 Ill. App. 3d at 838, 599 N.E.2d at 1383, the Fifth District affirmed the denial of a motion to suppress where police stopped a car because it had "fuzzy dice and other items hanging from the rearview mirror." The trial court made no specific factual findings regarding the position of the items in relation to the driver, other than finding the arresting officer's testimony credible when she opined the driver had a materially obstructed view. *Mendoza*, 234 Ill. App. 3d at 839, 599 N.E.2d at 1384. In *Smith*, 80 F.3d at 219, the Seventh Circuit affirmed the denial of a motion to suppress without any discussion of the evidence presented regarding the materiality of the obstruction. In *Jackson*, 335 Ill. App. 3d at 314, 780 N.E.2d at 827, the Second District reversed a trial court's decision to suppress evidence because the arresting officer testified he saw a " 'large obstruction' " between the defendant and his windshield. In that case, the trial court specifically found the arresting officer's testimony credible and his acts taken in good faith. *Jackson*, 335 Ill. App. 3d at 314, 780 N.E.2d at 827.

The trial court in this case made specific factual findings, to which this court must defer, regarding Deputy McKillop's opportunity to view the air freshener and his motivation for the stop. The air freshener was smaller than McKillop's testimony indicated. McKillop saw the air freshener when defendant's car was behind his car and to the left. Although made in good faith, the court found the stop was pretextual. See *People v. Lomas*, 349 Ill. App. 3d 462, 468, 812 N.E.2d 39, 44 (2004) (noting trial court may consider officer's subjective motivation for traffic stop). Most important, McKillop never testified how he believed the air freshener might have materially obstructed defendant's view of the road when he decided to stop defendant's car.

We also disagree with defendant's trial counsel's interpretation of section 12—503(c), seemingly accepted by the trial court, that an air freshener could not, as a matter of law, constitute a material obstruction. The court's order states, "Illinois law does not criminalize [*per se*] the suspension of an object from a rearview mirror. It is not unusual to see objects such as necklaces, pendants, parking passes, souvenirs, good[-]luck charms, beads, crucifixes, St. Christopher [medals], and sunglasses suspended from a rearview mirror. [Section] 12—503(c) prohibits the suspension or placement of an object in a window '[which] materially obstructs the driver's view.' " See 625 ILCS 5/12—503(c) (West 2006). Size alone does not determine whether an object materially obstructs the driver's view. In our view, all of the objects listed could be material obstructions in the proper situation.

Many states have statutes that criminalize the placement of objects hanging from rearview mirrors. Three distinct approaches exist. The first approach criminalizes the placement of objects that "materially obstruct" the driver's vision. Illinois follows this approach. 625 ILCS 5/12—503(c) (West 2006). Oklahoma and Pennsylvania have similar statutes, although the Third Circuit has read the materiality requirement quite loosely when interpreting Pennsylvania's statute. Okla. Stat. tit. 47, §12—404 (2007); 75 Pa. Cons. Stat. §4524(c) (2006); see also *United States v. Delfin-Colina*, 464 F.3d 392, 400 (3d Cir. 2006) (holding pendant hanging almost to dashboard was material obstruction).

The second approach criminalizes the placement of objects that "obstruct" or "obstruct or impair" the driver's vision. The obstruction requirement is a low threshold that requires the officer to testify credibly he believed the object was in the driver's line of vision. See, *e.g.*, *State v. Cyrus*, 111 Conn. App. 482, 959 A.2d 1054 (2008); *People v. Fisher*, 463 Mich. 881, 617 N.W.2d 37 (2000) (Corrigan, J., concurring). The majority of states follow this approach, including Arizona, California, Connecticut, Michigan, Nebraska, New York, Virginia, and Wisconsin. Ariz. Rev. Stat. §28—959.01 (2008); Cal. Veh. Code §26708 (2000); Conn. Gen. Stat. §14—99f (2000); Mich. Comp. Laws §257.709 (2001); Neb. Rev. Stat. §60—6,256 (1993); N.Y. Veh. & Traf. Law §375 (McKinney 2008); Va. Code. Ann. §46.2—1054 (Michie 2003); Wis. Stat. §346.88 (2007).

The third approach criminalizes the placement of any object between the driver and the windshield. Minnesota and South Dakota follow this approach. Minn. Stat. §169.71 (2006); S.D. Codified Laws §32—15—6 (Michie 2004).

We sympathize with trial judges and with police officers who are called upon to determine whether an object "materially obstructs" the

driver's vision. The bright-line approach taken by Minnesota and South Dakota would make law enforcement's job easier. The "obstruct" approach taken by the majority of states seems the most reasonable. We commend the statute to the attention of our legislature to consider whether the approach we now use in Illinois accomplishes the result intended.

In this case, the mere fact defendant had an air freshener hanging from her rearview mirror did not give rise to reasonable suspicion of a violation of section 12—503(c). Therefore, the trial court did not err when it suppressed the evidence found during the traffic stop.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's ruling on the motion to suppress evidence.

Affirmed.

McCULLOUGH, P.J., and TURNER, J., concur.