## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Phillip Mark Corrie

March 6, 1990

Case No. (Criminal) 62715

■

By JUDGE ROSEMARIE ANNUNZIATA

The case before the Court arises from defendant's constitutional challenge to § 18.2-460(A) on the grounds that the statute is impermissibly vague and overbroad in violation of the First and Fourteenth amendments of the United States of America. Phillip Mark Corrie was arrested on August 13, 1989, and charged with the obstruction of justice for failure to give the arresting ·officer his correct name and age. Corrie claims his refusal was intended as a protest to his arrest under the circumstances. He relies on *Houston v. Hill*, 482 U.S. 451 (1987), in support of his contention that the Virginia statute in question is unconstitutional.

In *Houston*, the challenged statute reads:

> (a) It shall be unlawful for any person to assault, strike or in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty, or any person summoned to aid in making an arrest. Code of Ordinances, City of Houston, Texas, § 34-11(a) (1984).

The Court in *Houston* held that the First Amendment "protects a significant amount of verbal criticism and

challenge directed at" arresting officers, *Id.,* at 461, and struck down the ordinance concluding it swept protected speech within its ambit.

When a statute is challenged as unconstitutionally vague and overbroad, the Court must first determine whether a substantial amount of constitutionally-protected conduct is within the enactment's reach. *Houston v. Hill,* 482 U.S. at 481, citing *Hoffman Estates v. The Flipside, Hoffman Estates, Inc.,* 455 U.S. 489 (1982); *Kolender v. Lawson,* 461 U.S. 352 (1983).

Virginia Code § 18.2-460(A) provides:

A. If any person without just cause knowingly obstructs a judge, magistrate, justice, juror, witness, or any law enforcement officer in the performance of his duties as such or fails to refuses without just cause to cease such obstruction when requested to do so by such judge, magistrate, justice, juror, witness or law enforcement officer, he shall be guilty of a Class 4 misdemeanor. (Code 1950, § 18.1-310, c. 358; 1975, cc. 14, 15; 1976, c. 269; 1984, c. 571; 1989, c. 506).

Although defendant contends § 18.2-460(A) encompasses protected speech within the scope of its prohibition, the language of the paragraph A, as framed and as construed by the Virginia Court of Appeals and Supreme Court, is sufficiently circumscribed to exclude protected speech. *Love v. Commonwealth,* 212 Va. 492 (1971). ("To constitute obstruction of an officer in the performance of his duty . . . there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to obstruct ordinarily implies opposition or resistance by direct action and forcible or threatened means." *Jones v. Commonwealth,* 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925); *see Polk v. Commonwealth,* 4 Va. App. 590, 594 (1987).

Unlike the ordinance struck down in *Houston,* the Virginia statute proscribed speech which constitutes direct action intended to impede a police officer in the performance of his duties. In *Houston,* one could be punished for a mere interruption of an officer in the line of duty.

*Houston v. Hill*, 682 U.S. at 463. Section 18.2-460(A) only punishes words which have the effect of obstructing or interfering with a police officer in the performance of his duties.

In addition to arguing that the statute is overbroad on its face, defendant also argues it is unconstitutionally vague. Under this doctrine, a criminal offense must be defined with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. at 357. In my judgment, § 18.2-460(A) is sufficiently definite to withstand constitutional challenge. The statute clearly prohibits only intentional obstruction or interference with a law officer in performance of his duty by direct action which results in actual hindrance or obstruction. *Love v. Commonwealth*, 212 Va. 492, 184 S.E.2d 769 (1971); *see Polk v. Commonwealth*, 4 Va. App. 590 (1987).

This standard applies whether the obstruction is by physical or verbal conduct. The statute thus clearly defines the type of speech which must be exhibited to come within its ambit, leaving little if any discretion to the police for determining whether a violation has occurred, and giving fair notice to persons of common intelligence of the type of conduct which violates the statute.

Since protected speech is not encompassed within the ambit of § 18.2-460(A), the defendant's challenge to its constitutionality must fail.

The question remaining is whether defendant's failure to give his correct name and age to the police officer constitutes direct action which effectively hindered the police officer in the performance of his duty. I find the evidence in this case supports such a finding and supports the conclusion that defendant's conduct violates Section 18.2-460(A).