# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

City of Chesapeake

v.

Richard D. Evans

September 29, 2015

Case No. CL15-1440

BY JUDGE RANDALL D. SMITH

This matter is before the Court pursuant to Va. Code § 16.1-131.1, regarding the ruling of the Chesapeake General District Court that Va. Code § 46.2-1054 (incorporated into the Chesapeake Code of Ordinances by Chesapeake Code § 74-4) is unconstitutionally vague. Both parties have filed written briefs, and the Court heard oral arguments of counsel on September 9, 2015. For the reasons that follow, the Court finds that the statute in question is not constitutionally infirm.

As provided by Va. Code § 16.1-131.1 and as conceded by counsel at the hearing on September 9, 2015, this Court's jurisdiction in the instant case is limited to determining the constitutionality of Va. Code § 46.2-1054; therefore, the Court will not address the motion to suppress ruled upon by the General District Court and briefed by counsel.

Va. Code § 46.2-1054 provides:

> It shall be unlawful for any person to drive a motor vehicle on a highway in the Commonwealth with any object or objects, other than a rear view mirror, sun visor, or other equipment of the motor vehicle approved by the Superintendent, suspended from any part of the motor vehicle in such a manner as to

obstruct the driver's clear view of the highway through the windshield, the front side windows, or the rear window, or to alter a passenger-carrying vehicle in such a manner as to obstruct the driver's view through the windshield. However, this section shall not apply (i) when the driver's clear view of the highway through the rear window is obstructed if such motor vehicle is equipped with a mirror on each side, so located as to reflect to the driver a view of the highway for at least 200 feet to the rear of such vehicle, (ii) to safety devices installed on the windshields of vehicles owned by private waste haulers or local governments and used to transport solid waste, or (iii) to bicycle racks installed on the front of any bus operated by any city, county, transit authority, or transit or transportation district.

The arguments of the defendant and the opinion of the General District Court address an important topic of concern in the forum of public policy: how restrained police should be in their contact with members of the community in the detection of crime. However, we must be mindful of the separation of powers; under both the United States and Virginia Constitutions, each branch of government must respect the other branches. *See* Va. Const., art. III; *see also* U.S. Const., arts. I, II, and III; Va. Const., arts. IV, V, and VI. *See generally The Federalist*, Nos. 47 and 48 (James Madison). The judicial branch is often the branch charged with enforcing individual rights under the Constitutions. Our system of government envisions this as necessary because the rights of individuals may not adequately be protected or addressed by the other two branches. Nevertheless, the judicial branch should not usurp its position relative to the balance of a tripartite government in an effort to address all-important issues confronting the criminal justice system.

For example, our legislature considered the intrusion on citizens by police in passing a law making seatbelt violations a secondary offense to prevent police from using such violation as authority to stop a vehicle to investigate the possibility of a criminal offense. *See* Va. Code § 46.2-1094(F). The executive branch, from the Secretary of Public Safety down to local police chiefs and sheriffs, may also choose to limit by policy the manner of law enforcement contact with the public. Police conduct does not necessarily need to be established at constitutional limits. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that the standard of probable cause "applies to all arrests, without the need to 'balance' the interests and circumstances involved in particular situations"; thus, an officer may, without violating the Fourth Amendment, arrest an offender if probable cause exists to believe that an individual has committed even a very minor criminal offense in his presence). The test of constitutionality, as applied by courts in cases before them cannot be synonymous with

each judge's view of what constitutes "fair" police conduct, lest the line of conduct below which the police violate a defendant's rights vary on too wide a spectrum.

In reviewing the constitutionality of a statute, a court's "determination of legislative intent is guided by the recognition that all actions of the General Assembly are presumed to be constitutional." *Elizabeth River Crossings OpCo v. Meeks*, 286 Va. 286, 301, 749 S.E.2d 176, 183 (2013) (quoting *Montgomery Cnty. v. Virginia Dep't of Rail & Pub. Transp.*, 282 Va. 422, 435, 719 S.E.2d 294, 300 (2011)). "There is . . . no stronger presumption known to the law." *Id.* Courts have a "duty to construe statutes subject to a constitutional challenge in a manner that 'avoid[s] any conflict with the Constitution'." *Copeland v. Todd*, 282 Va. 183, 193, 715 S.E.2d 11, 16 (2011) (quoting *Commonwealth v. Doe*, 278 Va. 223, 229, 682 S.E.2d 906, 908 (2009)); see *Skilling v. United States*, 561 U.S. 358, 406 (2010) ("The elementary rule is that *every reasonable construction* must be resorted to, in order to save a statute from unconstitutionality.") (emphasis in original). Courts "must resolve any reasonable doubt regarding the constitutionality of a law in favor of its validity." *Boyd v. County of Henrico*, 42 Va. App. 495, 507, 592 S.E.2d 768, 774 (2004). "Accordingly, 'only where the statute in issue is 'plainly repugnant' to a constitutional provision [should a court] declare it null and void'." *Elizabeth River Crossings*, 286 Va. at 301, 749 S.E.2d at 183 (quoting *Jamerson v. Womack*, 244 Va. 506, 510, 423 S.E.2d 180, 183 (1992)); *accord In re Phillips*, 265 Va. 81, 85, 574 S.E.2d 270, 272 (2003). If a statute or ordinance "can be made constitutionally definite by a reasonable construction, the court is under a duty to give it that construction." *Pedersen v. Richmond*, 219 Va. 1061, 1065, 245 S.E.2d 95, 98 (1979); *accord Commonwealth v. Carter*, 21 Va. App. 150, 153, 462 S.E.2d 582, 584 (1995).

"The constitutional prohibition against vagueness derives from the requirement of fair notice embodied in the Due Process Clause." *Tanner v. City of Virginia Beach*, 277 Va. 432, 439, 674 S.E.2d 848, 852 (2009). The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law"; further, Section 1 of the Fourteenth Amendment also provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." This protection is echoed by Article I, Section 11, of the Constitution of Virginia. The Supreme Court of the United States has recognized that a government "violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2556 (2015); *accord Skilling*, 561 U.S. at 402–03 ("To satisfy due process, 'a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand

what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement.' The void-for-vagueness doctrine embraces these requirements." (*quoting Kolender v. Lawson*, 461 U.S. 352, 357 (1983))).

"The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process'." *Johnson*, 135 S. Ct. at 2557 (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)).

> The doctrine requires that a statute or ordinance be sufficiently precise and definite to give fair warning to an actor that contemplated conduct is criminal. Thus, the language of a law is unconstitutionally vague if persons of common intelligence must necessarily guess at the meaning of the language and differ as to its application. The constitutional prohibition against vagueness also protects citizens from the arbitrary and discriminatory enforcement of laws. A vague law invites such disparate treatment by impermissibly delegating policy considerations "to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application."

*Tanner*, 277 Va. at 439, 674 S.E.2d at 852 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972)) (internal citations omitted); *accord Thomas v. Commonwealth*, 256 Va. 38, 41, 501 S.E.2d 391, 392–93 (1998); *Woodfin v. Commonwealth*, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988). However, "[b]ecause legislative bodies are '[c]ondemned to the use of words,' courts cannot require 'mathematical certainty' in the drafting of legislation. For this reason, an ordinance that lacks meticulous specificity nevertheless may survive a vagueness challenge if the ordinance as a whole makes clear what is prohibited." *Tanner*, 277 Va. at 439, 674 S.E.2d at 852 (quoting *Grayned*, 408 U.S. at 110) (internal citations omitted); see *Hill v. Colorado*, 530 U.S. 703, 733 (2010). Further, the fact that the legislature "might have written a statute more clearly does not [necessarily] make that statute unconstitutionally vague." *United States v. Chong Lam*, 677 F.3d 190, 202 (4th Cir. 2012) (citing *United States v. Powell*, 423 U.S. 87, 94 (1975)).

"[C]larity even in a criminal code can be a receding mirage. Thus the vagueness doctrine cannot 'convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited'." *Schleifer v. City of Charlottesville*, 159 F.3d 843, 853 (4th Cir. 1998) (quoting *Colten v. Kentucky*, 407 U.S. 104, 110 (1972)); *accord Hutchins v. District of*

*Columbia,* 188 F.3d 531, 546 (D.C. Cir. 1999) ("The Constitution does not require 'unattainable feats of statutory clarity'." (quoting *United States v. Maude,* 481 F.2d 1062, 1068 (D.C. Cir. 1973))).

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.

*Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95 (1982).

"It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550 (1975). A "[d]efendant has no standing to make a broad and general facial statutory challenge" where he does not "contend that his conduct was constitutionally protected nor is the First Amendment implicated." *Woodfin,* 236 Va. at 92, 372 S.E.2d at 379; *accord Gray v. Commonwealth,* 260 Va. 675, 681, 537 S.E.2d 862, 865 (2000); *Chianelli v. Commonwealth,* 64 Va. App. 632, 643–44, 770 S.E.2d 778, 783–84 (2015); *cf. Toghill v. Commonwealth,* 289 Va. 220, 227–28, 768 S.E.2d 674, 678 (2015).

Va. Code § 46.2-1054, at issue in the instant case, differs from the Virginia Beach ordinance considered by the Supreme Court of Virginia in *Tanner* in that the *Tanner* ordinance implicated citizens' rights under the First Amendment. *Tanner,* 277 Va. at 439–40, 674 S.E.2d at 852 ("A different concern arises, however, when a vague statute implicates citizens' rights under the First Amendment. In such circumstances, vague language in a statute or ordinance may cause citizens to avoid constitutionally permissible conduct based on a fear that they may be violating an unclear law. Thus, a vague statute may inhibit the exercise of constitutionally protected activities."). The instant defendant does not contend that his conduct, which involved driving a vehicle with an opaque tree-shaped air freshener hanging from the rear view mirror, was constitutionally protected, and the First Amendment is not implicated in this case.

Therefore, the issue in the instant matter is whether Va. Code § 46.2-1054 is vague as applied to the defendant's conduct. *Woodfin,* 236 Va. at 92, 372 S.E.2d at 379. "A penal statute is void for vagueness if it fails to give a person of ordinary intelligence notice that his contemplated conduct

is forbidden by the statute and if the enactment encourages selective law enforcement." *Id.*

> Manifestly, the standard requiring "fair warning" and the standard forbidding "selective law enforcement" are simply complementary and interrelated parts of the test of vagueness *vel non* as applied to the conduct of the person before the court. If statutory language is so vague as to fail to give fair warning of the criminality of the conduct of the person before the court, it may also tend to permit selective law enforcement; if it is so vague as to permit selective law enforcement, it may also fail to give fair warning of the criminality of the conduct of the person before the court.

*Stanley v. City of Norfolk,* 218 Va. 504, 509, 237 S.E.2d 799, 802 (1977); *accord Woodfin,* 236 Va. at 93, 372 S.E.2d at 379; *Boyd,* 42 Va. App. at 517–18, 592 S.E.2d at 779; *see also Hill,* 530 U.S. at 732.

In the instant case, the General District Court made the following findings of fact, as recited in the letter opinion dated June 25, 2015:

> [T]he defendant was driving a vehicle stopped by a Chesapeake police officer because a black tree shaped air freshener was dangling from the vehicle's rear view mirror. The officer testified that the dangling object was the only reason for the stop. The officer examined the air freshener at the time of the stop. The officer testified that the air freshener was between two and a half and three inches at the bottom, hung approximately five inches from the bottom of the rear view mirror to the bottom of the air freshener with string accounting for at least some portion of the approximately five inches. The officer testified that it appeared to be a "traditional sized" tree air freshener, and that it tapered from the wide bottom to a point where the string attached at the top. The officer testified that, while the vehicle was in motion, he saw the air freshener swinging from the rear view mirror. From the officer's perspective and taking into account his training, he believed that the air freshener obstructed the driver's clear view of the highway.

(Letter Opinion of June 25, 2015, at 2.)

None of the facts in the record suggest that different fact finders have rendered inconsistent conclusions based upon the same object, although this, even if shown, does not by itself establish an ambiguity or vagueness. *See Tanner,* 277 Va. at 439, 674 S.E.2d at 852. Rather than impose a size-of-object standard or test, the proper factual inquiry is whether or not the

particular object in question obstructed the "driver's clear view of the highway through the windshield"; this accounts for all factors, the size, shape, position, transparency, and mobility of the suspended object, the view offered by the vehicle, and the size and position of the defendant.

I. "The determination whether a criminal statute provides fair warning of its prohibitions must be made on the basis of the statute itself and the other pertinent law, rather than on the basis of an *ad hoc* appraisal of the subjective expectations of particular defendants." *Boyd*, 42 Va. App. at 517–18, 592 S.E.2d at 779 (quoting *Bryan v. United States*, 524 U.S. 184, 196 (1998)). Therefore, a reviewing court must "apply 'an objective test for determining whether a statute is vague'." *Id.* at 518, 592 S.E.2d at 779 (quoting Laurence H. Tribe, *Constitutional Law*, § 12-31, at 1033, n. 3 (2d ed. 1988)).

In analyzing Va. Code § 46.2-1054, this Court must consider the plain meaning of the words chosen by the legislature. *Blake v. Commonwealth*, 288 Va. 375, 381, 764 S.E.2d 105, 107 (2014) ("When construing a statute, our primary objective is to ascertain and give effect to legislative intent, as expressed by the language used in the statute." (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425, 722 S.E.2d 626, 629 (2012))). The Court is mindful that "[w]ords are not pebbles in alien juxtaposition; they have only a communal existence; and not only does the meaning of each interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used." *National Labor Relations Bd. v. Federbush Co.*, 121 F.2d 954, 957 (2d Cir. 1941) (L. Hand, J.); *accord Blake*, 288 Va. at 381, 764 S.E.2d at 107 ("A statute is not to be construed by singling out a particular phrase." (quoting *Eberhardt v. Fairfax Cnty. Emps. Ret. Sys. Bd. of Trs.*, 283 Va. 190, 195, 721 S.E.2d 524, 526 (2012))). The primary words that must be examined in the instant statute are contained in the phrase "obstruct the driver's clear view of the highway"; specifically, the terms "obstruct," "clear view," and "highway." However, the phrase must be read in context with the entire statute.

"Obstruct" is defined by *Black's Law Dictionary* 1077 (6th ed. 1990), in part, as: "To be or come in the way of or to cut off the sight of an object. To block up; to interpose obstacles." Likewise, *Webster's Third New International Dictionary* 1559 (2002), defines "obstruct," in part, as: "To cut off from sight, shut out, to place obstacles in the way, impede." *Webster's* further provides the following definitions of "clear" and "view," respectively: "clear" is defined, in part, as "free from obstruction, burden, limitation, defect, or other restricting features . . . free from contact or association with anything that encumbers, impedes, entangles, or obscures," while "view" is defined, in part, as "extent or range of vision, sight . . . something that is looked toward or kept in sight." *Id.* at 419, 2551. The

Court of Appeals in *Mason v. Commonwealth* discussed the meaning of "highway," specifically as it relates to Va. Code § 46.2-1054:

> By statute, a highway includes "the *entire width between the boundary lines* of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys." A highway is not . . . simply the stretch of pavement immediately in front of a driver's vehicle. Under Virginia law, a "highway" is not limited "to a hard-surfaced or partly hard-surfaced way or to a dirt and gravel way. It does not confine a highway to the main-travelled portion of the way or to lanes specifically designated for vehicular traffic." Because a "highway" includes the "entire width between the boundary lines" of the "way or place" used by vehicular traffic, Code § 46.2-100, it includes overhead highway signs, on-ramps and off-ramps, merge lanes, deceleration lanes, roadways, bridges, intersections, shoulders, pedestrian crosswalks, and shared-use paths. Thus, a "clear view of the highway," as used in Code § 46.2-1054, no doubt means the pavement itself and everything physically on it. It would make no sense for Code § 46.2-1054 to prohibit a dangling object from obstructing a driver's view of the pavement directly in front of him but not a vehicle, bicyclist, or pedestrian moving across that same pavement.

64 Va. App. 292, 304–05, 767 S.E.2d 726, 732–33 (2015) (*en banc*) (emphasis in original) (internal citations and footnotes omitted). In *Mason*, the defendant challenged the trial court's denial of a motion to suppress involving Va. Code § 46.2-1054. *Mason*, 64 Va. App. at 295, 767 S.E.2d at 728. The Court of Appeals, sitting *en banc*, affirmed the decision of the trial court, but did not consider the constitutionality of the statute. *Id.* at 321, 767 S.E.2d at 741. *See Crouse v. Pugh*, 188 Va. 156, 164–65, 49 S.E.2d 421, 426 (1948); *see also Jessee v. Slate*, 196 Va. 1074, 1083, 86 S.E.2d 821, 826 (1955).

In *People v. Dillon*, 822 N.W.2d 611 (Mich. App. 2012), the Michigan Court of Appeals considered the constitutionality of a statute substantially similar to that at issue in the instant case. The applicable statute in effect at that time, Michigan Compiled Laws § 257.709(1) (2000), provided in relevant part: "A person shall not drive a motor vehicle with . . . (c) A dangling ornament or other suspended object that obstructs the vision of the driver of the vehicle, except as authorized by law." The Michigan Court of Appeals held that the statute was neither facially void for vagueness nor unconstitutional as applied to the defendant. *Dillon*, 822 N.W.2d at 615. The court reasoned that the statute used:

commonly understood, definite terms that placed ordinary citizens on notice of the prohibited conduct and provided police officers sufficient guidance to apply the statute in a nonarbitrary and nondiscriminatory way. . . .

[The] terms [used by the Legislature] are definite and clear enough to permit a citizen of ordinary intelligence a reasonable opportunity to know what the Legislature intended to prohibit and also not so indefinite that unlimited discretion is conferred on police officers to determine whether an offense has occurred.

*Id.*

Four years earlier, a three-judge panel of the Sixth Circuit Court of Appeals, construing the same Michigan statute reached the opposite result in *United States v. Davis*, No. 07-1964, 2008 U.S. App. LEXIS 25757 (6th Cir. 2008) (opinion withdrawn), *available at* http://www.ca6. uscourts. gov/opinions. pdf/08a0452p-06.pdf. The opinion was withdrawn by *United States v. Davis*, 2008 U.S. App. LEXIS 26828 (6th Cir. 2008), *available at* http://www.ca6. uscourts. gov/opinions. pdf/08a0465p-06.pdf, and replaced with *United States v. Davis*, 326 Fed. App'x 351, 2009 U.S. App. LEXIS 9223 (6th Cir. 2008) (unpublished opinion) (declining to reach the void for vagueness issue because defendant did not raise the question), *cert. denied* 558 U.S. 917 (2009). In *Davis*, the court focused on the fact that the statute did not "specify to what degree the driver's vision must be obstructed or for how long" leaving "an undefined category of dangling ornaments that arguably violate the statute." *Id.* at *3. The court further noted that, because the statute did not provide "additional guidance to govern enforcement," it delegated too much discretion to law enforcement, which would have "a potentially far-reaching application in practice." *Id.* at *3–4. Thus, it "necessarily entrusts lawmaking to the moment-to-moment judgment of the policeman on his beat." *Id.* at *9–10 (quoting *Kolender*, 461 U.S. at 359). As previously noted, however, the concerns espoused by the Sixth Circuit in the withdrawn *Davis* opinion were not shared by the Michigan Court of Appeals, which subsequently upheld the same statute as constitutional in *Dillon*.

In *United States v. Arciniega*, 569 F.3d 394 (8th Cir. 2009), the Eighth Circuit Court of Appeals considered a vagueness challenge to Nebraska's windshield obstruction statute. The Nebraska statute in effect at that time provided, in part, that it was:

unlawful for any person to operate a motor vehicle with any object placed or hung in or upon such vehicle, except required or permitted equipment of the vehicle, in such a manner as to obstruct or interfere with the view of the operator through the windshield or to prevent the operator from having a clear

and full view of the road and condition of traffic behind such vehicle.

Neb. Rev. Stat. § 60-6,256 (Reissue 1998). The defendant argued that the statute was unconstitutionally vague because it was not clear when an obstruction was significant enough to violate the law. *Arciniega*, 569 F.3d at 397–98. In holding that the statute was constitutional, the court noted that "the plain language of the statute unambiguously provides that any object that obstructs a clear and full view through the windshield violates Nebraska law." *Id.* at 398 (quoting *United States v. Ramos-Caraballo*, 375 F.3d 797, 801 (8th Cir. 2004)); *accord United States v. Yang*, No. 8:09CR287, 2009 U.S. Dist. LEXIS 112285, at *6–8 (D. Neb. Nov. 12, 2009) (Findings and Recommendation of Magistrate Judge), *approved and adopted*, 2009 U.S. Dist. LEXIS 112170 (D. Neb. Dec. 3, 2009); *cf. State v. Rose*, 677 P.2d 1011, 1013–17 (Kan. 1984) (holding that a Kansas statute providing, among other things, that no motor vehicle could be operated on the highways equipped with one-way glass or adhesive film "which prohibits or substantially impairs the ability to see into such motor vehicle from the outside" was not unconstitutionally vague).

The Court finds that Va. Code § 46.2-1054 uses clear and commonly understood terms that define the proscribed conduct with sufficient definiteness such that ordinary people can understand its parameters. It unambiguously provides that any object or objects suspended from a vehicle that obstructs a "driver's clear view of the highway through the windshield," other than those specifically exempted, violates Virginia law; therefore, the statute provides fair notice of its prohibitions.

II. The Supreme Court of the United States has recognized that:

> the more important aspect of the vagueness doctrine "is not actual notice, but the other principal element of the doctrine — the requirement that a legislature establish minimal guidelines to govern law enforcement." Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections."

*Kolender*, 461 U.S. at 358 (quoting *Smith v. Goguen*, 415 U.S. 566, 574–75 (1974)); *accord United States v. Lanning*, 723 F.3d 476, 482 (4th Cir. 2013). However, "[e]very criminal law, of course, reposes some discretion in those who must enforce it. The mere possibility that such discretion might be abused hardly entitles courts to strike a law down." *Schleifer*, 159 F.3d at 854.

> The mere fact that close cases can be envisioned does not render a statute vague. Close cases can be imagined under

virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt. What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. Thus, [the Supreme Court of the United States has] struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent" — wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.

*United States v. Williams*, 553 U.S. 285, 305–06 (2008).

The vagueness test does not "forbid individualized assessments by law enforcement officers. What it forbids is a law that, by its expansive sweep of language, enacts an elastic definition of illegality — one that authorizes an officer to define for himself what is and is not legal." *Boyd*, 42 Va. App. at 520–21, 592 S.E.2d at 781 (2004); *accord Tjan v. Commonweath*, 46 Va. App. 698, 710, 621 S.E.2d 669, 675 (2005).

As noted by the Court of Appeals in *Commonwealth v. Bryant*, No. 0076-04-1, 2004 Va. App. LEXIS 283 (2004) (unpublished opinion), Va. Code § 46.2-1054 "does not set forth any element requiring an item to be of a certain size, or requiring a certain specified percentage of obstruction. It simply states that 'any object' obstructing 'the driver's clear view of the highway through the windshield,' may constitute a violation of the statute." *Id.* at *15 (quoting Va. Code § 46.2-1054). Further, "[w]hether the item, in actuality, would obstruct one's view in order to support a conviction under the statute beyond a reasonable doubt, is most certainly a factual determination to be made by the trial court or a jury as the fact finder." *Id.* at *14. In *Bryant*, the Court of Appeals reversed a trial court's granting of a motion to suppress dealing with Va. Code § 46.2-1054; however, the court did not reach the issue of constitutionality. 2004 Va. App. LEXIS 283, at *16 (unpublished opinion). *See People v. Mott*, 906 N.E.2d 159, 165–66 (Ill. App. Ct. 4th Dist. 2009) (noting in reference to the Illinois statute which criminalizes the placement of any object between the driver and the front windshield, which materially obstructs the driver's view that "[s]ize alone does not determine whether an object materially obstructs the driver's view" and that air fresheners, necklaces, pendants, parking passes, charms, beads, crucifixes, St. Christopher medals, and sunglasses could all, in the proper circumstances, constitute material obstructions when suspended from a rear view mirror). In *People v. Mott*, the Illinois Appellate Court, Fourth District, discussed that there are "[t]hree distinct approaches" to criminalizing the placement of objects hanging from rearview mirrors. 906 N.E.2d at 166. The first approach criminalizes the placement of objects that "materially obstruct" the driver's vision, the second approach criminalizes

the placement of objects that "obstruct" the driver's vision, and the third approach criminalizes the placement of any object between the driver and the windshield. *Id.* The *Mott* court opined that the " 'obstruct' approach taken by the majority of states [including Virginia] seems the most reasonable." *Id. See* also *United States v. Garcia-Garcia*, 633 F.3d 608, 615 (7th Cir. 2011) ("[A]ir fresheners may (or may not) constitute material obstructions depending on their size, their position relative to the driver's line of vision, and whether they are stationary or mobile.").

Here, the legislature has enacted, in a concise yet encompassing fashion, a prohibition on suspending an object or objects in an unsafe manner. To prohibit objects of a legislatively defined size would not account for obstructions caused or negated by variations in the type of vehicle (with varying size and height of windows) or the size and sitting position of the driver. The determination of whether an object obstructs a "driver's clear view of the highway through the windshield" is an individualized assessment, and is properly left to the finder of fact.

There are numerous examples in the Va. Code where the General Assembly has prohibited conduct with statutes that rely on individualized assessments by those enforcing the laws, including: (1) Va. Code § 18.2-60.3 (stalking);[1] (2) Va. Code § 18.2-153 (obstructing canal or railway); (3) Va. Code § 18.2-266(ii)–(iv) (driving while intoxicated);[2] (4) Va. Code § 18.2-388 (public intoxication);[3] (5) Va. Code § 18.2-404 (obstructing free passage of others);[4] (6) Va. Code § 18.2-460 (obstruction of justice);[5] (7) Va. Code § 29.1-738(A) and (B)(ii)–(iv) (reckless boating/boating while intoxicated); (8) Va. Code § 46.2-716 (how license plates fastened to vehicle/altering appearance of license plates); (9) Va. Code § 46.2-816

---

[1] *See Parker v. Commonwealth*, 24 Va. App. 681, 686–90, 485 S.E.2d 150, 153–54 (1997) (holding that Va. Code § 18.2-60.3 is not void for vagueness), cert. denied, 523 U.S. 1071.

[2] *See Commonwealth v. McConnell*, 68 Va. Cir. 471, 478 (Charlottesville City 2005); *see also Government of the Virgin Islands v. Steven*, 134 F.3d 526, 528–29 (3d Cir. 1998) (finding the Virgin Islands' driving while intoxicated statute, V.I. Code Ann., tit. 20, § 493, which is similar in substance to the Virginia statute, not unconstitutionally vague).

[3] *See Morgan v. State*, 22 N.E.3d 570, 573–77 (Ind. 2014) (holding that Indiana's public intoxication statute, Ind. Code § 7.1-5-1-3, which is similar in substance to the Virginia statute, is not unconstitutionally vague).

[4] *See generally Juares v. Commonwealth*, 26 Va. App. 154, 493 S.E.2d 677 (1997) (discussing sufficiency of the evidence under Va. Code § 18.2-404 and the meaning of the words used in the statute).

[5] *See Commonwealth v. Corrie*, 20 Va. Cir. 110, 112 (Fairfax Cnty. 1990) (holding Va. Code § 18.2-460(A) is not unconstitutionally vague); *cf. Wise v. Commonwealth*, 49 Va. App. 344, 359, 641 S.E.2d 134, 142 (2007) (holding Va. Code § 18.2-460 is not constitutionally overbroad and does not violate the First Amendment as applied).

(following too closely);[1] (10) Va. Code § 46.2-852 (reckless driving; general rule);[2] (11) Va. Code § 46.2-853 (reckless driving; driving vehicle that is not under proper control); (12) Va. Code § 46.2-855 (reckless driving; driving with driver's view obstructed or control impaired); (13) Va. Code § 46.2-860 (reckless driving; failing to give proper signals); (14) Va. Code § 46.2-861 (reckless driving; driving too fast for highway and traffic conditions); (15) Va. Code § 46.2-864 (reckless driving; parking lots); and (16) Va. Code § 46.2-877 (minimum speed limits).

The Court is of the opinion that Va. Code § 46.2-1054 does not confer unlimited discretion on law enforcement to determine whether an offense has occurred. As previously noted, the vagueness test does not "forbid individualized assessments by law enforcement officers." *Boyd*, 42 Va. App. at 520–21, 592 S.E.2d at 781. Here, although the statute at issue relies on individualized assessments by those enforcing it, as numerous other penal statutes do, it does not encourage arbitrary and discriminatory enforcement.

Accordingly, the Court finds that Va. Code § 46.2-1054 is neither facially void for vagueness nor unconstitutionally vague as applied to the defendant. Pursuant to Va. Code § 16.1-131.1, this matter is remanded for proceedings consistent with the ruling of this Court.

As only the City or the Commonwealth may appeal from an adverse ruling by this Court pursuant to Va. Code § 16.1-131.1 and the Court has ruled in their favor, endorsements are dispensed with in accordance with Rule 1:13 of the Rules of the Supreme Court of Virginia. The Clerk is directed to remand this matter to the Chesapeake General District Court and to forward copies of this Memorandum Opinion and Order to all counsel of record and to The Honorable Michael R. Katchmark, Presiding Judge of the Chesapeake General District Court. Entry of this memorandum opinion shall constitute an order of the Court consistent with its directives. It is so ordered.

---

[1] Although not decided in Virginia, courts in other states have held that their respective "following too closely" statutes, with almost identical language to the Virginia statute, are not unconstitutionally vague. *See, e.g., State v. Maga*, 2008-Ohio-423, P48–P55, 2008 Ohio App. LEXIS 375, at *13–16 (Ct. App. Ohio 2008) (Ohio Rev. Code Ann. § 4511.34); *Tennessee v. Harton*, 108 S.W.3d 253, 258–60 (Tenn. Crim. App. 2002) (Tenn. Code Ann. § 55-8-124(a)); *State v. Shapiro*, 751 So. 2d 337, 341–42 (La. App. 4th Cir. 1999) (La. Rev. Stat. Ann. § 32:81).

[2] *See Wilson v. State*, 262 S.E.2d 810, 812–13 (Ga. 1980) (holding that Georgia's reckless driving statute (now Ga. Code Ann. § 40-6-390), which is similar in substance to the Virginia statute, is not unconstitutionally vague).